IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Randal R. Steen, | ) | |
| | ) | **ORDER TO SHOW CAUSE AND** |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Timothy Schuetzle, | ) | Case No. 1:07-cv-094 |
| | ) | |
| Respondent. | ) | |

## I.    BACKGROUND

In October 2002, Steen was convicted of the following state charges: manufacturing methamphetamine, possession of methamphetamine, and possession of drug paraphernalia (two counts). The following are Steen's efforts in state court to overturn his conviction:

| | |
|---|---|
| December 12, 2002 | Steen appealed the judgment of conviction entered by the state district court. |
| July 1, 2003 | Steen filed an application for post-conviction relief with the state district court. In response, the North Dakota Supreme Court stayed his direct appeal. |
| September 2003 | Steen filed an addendum to his application for post-conviction relief. |
| December 11, 2003 | Steen filed second addendum to his application for post-conviction relief. |
| January 2004 | The state district court denied Steen's first application for post-conviction relief. |
| February 19, 2004 | Steen appealed the state district court's denial of his application. |

| | |
|---|---|
| December 17, 2004 | The North Dakota Supreme Court denied Steen's direct appeal and affirmed the state district court's denial of his first application for post-conviction relief. |

Sometime thereafter, Steen petitioned the United States Supreme Court for a writ of certiorari.

| | |
|---|---|
| May 3, 2005 | Steen filed a motion for a new trial with the state district court. |
| May 17, 2005 | The state district court denied Steen's motion for a new trial. |
| June 24, 2005 | Steen appealed the state district court's denial of his motion for a new trial. |
| October 3, 2005 | The United States Supreme Court denied Steen's petition for certiorari. |
| November 29, 2005 | The North Dakota Supreme Court affirmed the state district court's denial of Steen's motion for a new trial. |
| July 20, 2006 | Steen filed a second application for post-conviction relief with the state district court.  (This date is taken from Steen's petition for habeas relief and probably is the date of the petition or the date he mailed it to the state court.  A review of the state district court's docket, which is available on-line, indicates the date of filing was 7/24/06.) |
| August 2006 | Steen filed motion to enjoin the state from interfering with his ability to prosecute his second application. |
| September 2006 | Steen filed a motion for judgment on the pleadings. |
| October 2006 | The district court summarily denied Steen's second application.  It also concluded that it lacked jurisdiction to address Steen's request for injunctive relief. |
| November 24, 2006 | Steen appealed the state district court's denial of his second application. |
| July 25, 2007 | The North Dakota Supreme Court affirmed the state district court's denial of Steen's second application. |

Steen v. State, 2007 ND 123 ¶¶ 2-10, 736 N.W.2d 457; Steen's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody at Docket No. 1.

On December 12, 2007, Steen filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. The petition is dated December 5, 2007, and was mailed the same day according to the postmark on the envelope. Steen's petition sets forth twenty-eight grounds for relief. Chief Judge Daniel L. Hovland has referred this matter to the undersigned for preliminary consideration.

## II.   DISCUSSION

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") introduced a one-year statute of limitations with respect to the filing of petitions for writs of habeas corpus and motions to vacate federal sentences. See 28 U.S.C. 2244(d)(1). This limitations period is calculated from:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D).

Section 2244(d)(1)(A) applies in this instance. Under § 2244(d)(1)(A), the running of the statute of limitations imposed is triggered by either:

      (i)        the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or

      (ii)       if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999). And, when certiorari is sought and the Supreme Court denies review, the date the judgment becomes final and the limitations period begins to run is the date the petition is denied. See Kreutzer v. Bowersox, 231 F.3d 460, 461-62 (8th Cir.2000); cf. Campa-Fabela v. United States, 339 F.3d 993, 993-994 (8th Cir. 2003) (per curiam) (holding in a §2255 proceeding that the one-year limit began to run on the date the Supreme Court denied certiorari and that the time period was not further tolled by the filing of a petition for rehearing that was later denied). In this case, Steen's petition was denied on October 3, 2005. Thus, absent some other provision of AEDPA tolling the starting of the clock, Steen's one-year window for filing his habeas petition began on October 4, 2005.

      Section 2244(d)(2) provides that AEDPA's one-year limitations period may be tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." See William v. Bruton, 299 F.3d 981, 983 (8th Cir. 2002) (discussing what constitutes a "pending" application for the purposes of 28 U.S.C. 2244(d)(2)). In this case, when the Supreme Court denied Steen's petition for certiorari, there was still pending before the North Dakota Supreme Court an appeal from a denial of a motion for new trial. As another attempt to set aside his conviction, Steen had filed the motion for new trial after the North Dakota Supreme Court had affirmed his conviction on direct appeal and had denied his first petition for post-conviction. The North Dakota Supreme Court affirmed the district's denial of the motion for new trial on November 29, 2005.

The question then is whether Steen's unresolved appeal from the denial of his motion for new trial tolled the running of the one-year time for filing his habeas petition until November 29, 2005, or whether the clock started to run with the denial of his petition for certiorari approximately two months earlier. Assuming for the moment that Steen's motion for new trial is an application for state post-conviction relief or other collateral review under § 2244(d)(2),[1] the United States Supreme Court in Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) held that the application must be timely filed in order to be "properly filed" with the meaning of § 2244(d)(2). In other words, an untimely state court application for post-conviction relief has no tolling effect.

Under North Dakota law, the time period for filing a motion for new trial is governed by N.D.R. Crim. P. 33. State v. Simek, 502 N.W.2d 545, 546 (N.D. 1993). Under the version of N.D.R. Crim. P. 33 in effect at the time Steen filed his motion, the deadline for filing was seven days from the date of the verdict or finding of guilt, except when the grounds for the motion was "newly discovered" evidence. Id. Under North Dakota law, the seven-day time limit (which is now ten days under the present version of N.D.R. Crim. P. 33) is jurisdictional. Id.

In this case, the state court documents furnished by Steen with his petition indicate that his motion for new trial was based on evidence that he had at the time of trial but chose not to present in an effort to protect others from criminal prosecution. See Attachment # 6 to Steen's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 1-8). In other words, the evidence was not "newly discovered." Consequently, Steen's motion was untimely. And, since it was untimely, the pending appeal from the denial of the motion did not toll

---

[1] See Currie v. Matesanz, 281 F.3d 261, 272 (1st Cir. 2002) (concluding that a second motion for new trial tolled the running of AEDPA's one-year limitation period in that case); Searcy v. Carter, 246 F.3d 515, 518 (6th Cir. 2001); Downing v. Roberts, 2006 WL 3783516, *3 (S.D. Ga. 2006).

the running of AEDPA's one-year time limit, which otherwise commenced on October 4, 2005, following the Supreme Court's denial of Steen's petition for certiorari.[2] See Lewis v. Norris, 454 F.3d 778, 780-781 (8th Cir. 2006).[3]

More than seven months after Steen lost his bid to obtain a new trial he did, however, file a second application for post-conviction relief under N.D.C.C. ch. 29-32.1, which imposes no deadline for when an application must be filed. N.D.C.C. § 29-32.1-03(2).[4] Because Steen's second petition was not untimely, its filing tolled the running of AEDPA's one-year statute of limitations

---

[2] Steen's motion for new trial should not be treated as an application for post-conviction relief under N.D.C.C. ch. 29-32.1 for several reasons. First, both Steen and the state courts treated the motion as a motion for new trial. Steen v. State, 2007 ND 123, ¶7, 736 N.W.2d 457 (2007); see attachments to Steen's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody at Docket Nos. 1-8 & 1-9. Second, state law treats the motion for new trial as a remedy separate from that provided for by N.D.C.C. ch. 29-32.1. See N.D.R. Crim. P. 33(d) ("nothing in this rule may be construed to affect the remedies provided by N.D.C.C. ch. 29-32.1"); N.D.C.C. § 29-32.1-01(2) (a "proceeding under this chapter is not a substitute for and does not affect any remedy incident to the prosecution in the trial court . . . . ."). Third, by the time that Steen had filed his motion for new trial, he had already taken a direct appeal and processed one application for post-conviction relief and had lost both; only his petition for certiorari to the United States Supreme Court was still pending. Given this, it is apparent that Steen's choice of next attempting relief under N.D.R. Crim. P. 33 was deliberate. In fact, it may have been done to avoid dismissal of a second petition on grounds of misuse of process and res judicata. See Steen v. State, supra (a second petition alleging new grounds is subject to dismissal for misuse of process and res judicata when there is insufficient justification for any new claim not having been raised in the first petition).

[3] The state district court appears to have reached the merits of Steen's motion for new trial when it concluded that N.D.R. Crim. P. 33 does not afford relief to a defendant's "knowing decision to withhold evidence at the time of trial and thereafter seek a new trial within which to present the same . . ." See Attachment # 6 to Steen's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody at Docket No. 1-8. On appeal, the State argued, among other things, that the decision to deny the motion was correct because it was untimely. See Brief of Plaintiff-Appellee, State v. Steen, Case No. 20050216, 2005 WL 4156128. The North Dakota Supreme Court issued a per curiam order summarily affirming the denial of the motion. State v. Steen, 2005 ND 199, 709 N.W.2d 21 (table) (2005) (a copy of the unpublished disposition is also attached to Steen's petition at Docket No. 1-9). The fact that the ultimate basis for the denial of the motion is unclear is of no significance. In Lewis v. Norris, the Eighth Circuit held: "[T]he Supreme Court has since instructed federal courts to determine independently whether state court proceedings are timely, even if the state courts treat them as such." 454 F.3d at 780 (citing Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846, 852 (2006)).

[4] The fact that ch. 29-32.1 imposes no deadline may be due to the fact that, at least in part, it was enacted to provide a procedure for implementing the right to habeas corpus granted by the North Dakota Constitution. See Jensen v. State, 373 N.W.2d 894 (N.D. 1985) (discussing the relationship between North Dakota's constitutional habeas provisions and the predecessor to the current law providing for post-conviction relief).

6

until July 25, 2007, when the North Dakota Supreme Court affirmed the state district court's denial of the petition.  E.g., Artuz v. Bennett, 531 U.S. 4, 8-11 (2000).

As a result of all of this, there are two gaps that must be considered in determining whether AEDPA's one-year time limit had run by the time that Steen filed his habeas petition with this court. The first is the 289 days that ran from October 4, 2005 (the day following the denial of Steen's petition for certiorari by the United States Supreme Court) to July 20, 2006 (the date on which it appears that Steen mailed his second petition for application for post-conviction relief to the state district court).  The second is the 132 days that ran from July 26, 2007 (the day after the North Dakota Supreme affirmed the denial of the second petition of post-conviction relief) to December 5, 2007 (the date of Steen's habeas petition and the date he mailed it to this court for filing).[5] When the time for these two gaps is added together, AEDPA's one-year time limit clearly had expired by the time that Steen filed his application for § 2254 relief.

The Eighth Circuit has held that AEDPA's one-year time limit may also be tolled as a matter of equity.  E.g., Finch v. Miller, 491 F.3d 424-425 (8th Cir. 2007); Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003).  Equitable tolling is only proper, however, "when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the Respondent's conduct has lulled the petitioner into inaction."  Cross-Bey v. Gammon, 322 F.3d at 1015.  "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant

---

[5] Steen is entitled to the benefit of the prison mail box rule.  Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir.1999) (timeliness of federal habeas petition measured from date delivered to prison authorities for mailing to court clerk).

the rules of clearly drafted statutes." Id. (quoting Flanders v. Graves, 299 F.3d 974, 976 (8th Cir.2002)).

In this case, Steen's petition sets forth no basis for equitable tolling. The standard form that Steen used for making his petition advised of the one-year limitations period and directed that he provide an explanation for why a petition filed one year after his conviction became final should be considered. Whether inadvertently or intentionally, Steen ignored this directive. Moreover, there is nothing in Steen's petition or the material accompanying it that suggests there was any impediment to his timely filing a petition, including conduct on the part of the Respondent that could have lulled him into inaction. The fact that Steen may have been personally ignorant of the one-year limit and the method of calculation is not itself sufficient to invoke equitable tolling. Cross-Bey v. Gammon, 322 F.3d at 1016 (lack of understanding the law does not justify equitable tolling); cf. Lawrence v. Florida, __ U.S. __ 127 S.Ct. 1079, 1085-86 (2007).

Finally, although timeliness is an affirmative defense in a § 2254 proceeding, district courts may raise the issue *sua sponte* and dismiss an untimely petition so long as the petitioner is afforded fair notice and an opportunity to be heard. Day v. McDonough, 547 U.S. 198, 209-211 (2006).

## III.     CERTIFICATE OF APPEALABILITY

When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of constitutional rights has been stated and that the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Based on the present record, reasonable jurists would not find it debatable that Steen's petition is timely or that he would otherwise be entitled to equitable tolling.

## IV.   CONCLUSION, RECOMMENDATION, AND ORDER TO SHOW CAUSE

Steen's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is untimely. As a consequence, the undersigned **RECOMMENDS** that:

1. Steen's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 1) be **DENIED** as untimely;

2. The court certify that an appeal from the denial of the petition may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith; and

3. A certificate of appealability not be issued.

Further, it is hereby **ORDERED** as follows:

1. If Steen disagrees with the foregoing conclusions and recommendation, he must show cause in writing within 30 days why his petition is timely and/or why it should be considered even if untimely. If Steen elects to show cause, he must serve a copy of his written filing along with any other objections to this Report and Recommendation upon the Respondent by mail.

2. The Clerk shall file and serve a copy of Steen's petition on the Respondent along with a copy of this order. The Respondent need not file an answer to the petition until directed to do so by the court, but must file and serve a notice of appearance upon Steen. If Steen files objections to this Report and Recommendation or otherwise shows cause explaining why his petition is timely or why it should be considered even if untimely, the Respondent shall have 20 days in which to file a response and Steen shall thereafter have 10 days in which to file a reply.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to Local Rule 72.1(3)(4), any party may object to the foregoing recommendations.

The time period provided for filing objections shall be thirty days.

Dated this 4th day of January, 2008.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge