**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Randal R. Steen, | ) | |
| | ) | **ORDER ON** |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Timothy Schuetzle, | ) | |
| | ) | Case No. 1:07-cv-094 |
| | ) | |
| Respondent. | ) | |

---

On December 12, 2007, Randal R. Steen filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. Magistrate Judge Charles S. Miller, Jr. reviewed Steen's petition and the pleadings and submitted a Report and Recommendation. On January 4, 2008, Judge Miller recommended that Steen's petition for a writ of habeas corpus be denied as untimely. Steen was given thirty (30) days to file an objection to the Report and Recommendation. Steen filed an objection on January 24, 2008. See Docket No. 4.

Steen essentially contends that his motion for a new trial in state court under Rule 33 of the North Dakota Criminal Rules of Procedure was timely. Steen contends that, because the motion was timely, the one-year statute of limitations for filing a petition under 18 U.S.C. § 2254 imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), had not expired. Steen argues that the motion was based on newly discovered evidence because he "did not know that his son would actually be willing to tell the truth, via affidavit, until over two years after the trial." See Docket No. 4. Based on a review of the entire record, the Court finds the testimony of Steen's son does not constitute "newly discovered evidence."

Steen also argues that the motion for a new trial was timely because, "[i]n the interest of justice, it is unjust to put a time limit on a Rule 33 motion for new trial, especially when the motion is (based on) submitted under the premise of actual innocence." See Docket No. 4, p. 5. Rule 33 of the North Dakota Rules of Criminal Procedure provides that "any motion for a new trial based on any reason other than

newly discovered evidence must be filed within seven days after the verdict or finding of guilty." N.D.R. Crim. P. 33(b)(2) (amended March 1, 2006 to increase the time to make a motion for a new trial for reason other than newly discovered evidence from seven to ten days). The Court finds that Steen's motion for a new trial was untimely because it was based on evidence that he had secured at the time of trial and was filed more than seven days after the verdict.

Finally, Steen argues that the state court's denial of the motion for a new trial constituted an abuse of discretion because the state court stated that Steen's knowing decision to withhold evidence did not fall within the parameters of Rule 33. See Docket No. 1-8. The Court finds that the state court and the North Dakota Supreme Court considered Steen's motion for a new trial based on his argument that there existed evidence at the time of trial that was not presented. The state court held that Steen's knowledge of that evidence at the time of trial did not satisfy the requirements of Rule 33 of the North Dakota Rules of Criminal Procedure. It is clear from the record that the state courts have carefully considered Steen's arguments. See State v. Steen, 690 N.W.2d 239 (N.D. 2004); State v. Steen, 709 N.W.2d 21 (N.D. 2005); Steen v. State, 736 N.W.2d 457 (N.D. 2007).

The Court has carefully reviewed the Report and Recommendation, relevant case law and case law from the North Dakota Supreme Court, and the entire record and finds the Report and Recommendation to be persuasive. Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 3) in its entirety and **DENIES** Steen's petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (Docket No. 1). The Court certifies that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis. The Court further certifies that Steen has failed to make a substantial showing of the denial of a constitutional right and a certificate of appealability will not be granted.

**IT IS SO ORDERED.**

Dated this 28th day of January, 2008.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court