**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Randal R. Steen, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Timothy Schuetzle, | ) | |
| | ) | Case No. 1:07-cv-094 |
| Respondent. | ) | |

On August 18, 2009, the court issued an order denying the Petitioner's request for court-appointed counsel. On September 1, 2009, the Petitioner filed a motion requesting that the court: (1) reconsider its order denying him court-appointed counsel; and (2) schedule an evidentiary hearing. On September 4, 2009, the Respondent filed a response in opposition to the Petitioner's motion.

Having reviewed the record, the court finds no basis for reversing its previous order. The court shall next address the Petitioner's request for an evidentiary hearing. Such requests are evaluated under 28 U.S.C. § 2254(e), which provides:

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
>   (A) the claim relies on--
>
>     (i) a new rule of constitutional law, made retroactive to cases on

     collateral review by the Supreme Court, that was previously unavailable; or

  (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

 (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(1) and (2). It should be noted that § 2254(e)(2) specifies the situations where evidentiary hearings are allowed, not where they are required. Thus, if a petitioner clears this initial hurdle, he must still persuade the court that a hearing is necessary.

 Because Steen does not allege that his claims rely on a new rule of constitutional law or a hidden factual predicate, he cannot secure an evidentiary hearing if he failed to develop a factual basis for his claim in the state court proceedings. In any event, the record establishes that Steen was afforded an evidentiary hearing by the state district court on his application for post-conviction relief. This court has sufficient facts before it to make an informed decision on the merits of Steen's claims. In short, his claims can be resolved on the basis of the state court record.

 Steen's motion requesting reconsideration of the court's previous order for court-appointed counsel as well as an evidentiary hearing (Docket No. 26) is **DENIED**.

 **IT IS SO ORDERED.**

 Dated this 11th day of September, 2009.

           */s/ Charles S. Miller, Jr.*
           Charles S. Miller, Jr.
           United States Magistrate Judge